UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 0 8 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

GEORGE L. CLOWERS, )
)
Petitioner, )
) Case: 1:15-cv-00709
v. ) Assigned To : Unassigned
) Assign. Date : 5/8/2015
JOHN T. SHERTLE, WARDEN, ) Description: Habeas Corpus/2255 (G)
USP TUCSON, )
)
Respondent. )
)

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus.

Petitioner indicates that he entered a guilty plea and that, on October 28, 2011, the Superior Court of the District of Columbia imposed an aggregate prison sentence of 40 years followed by a 5-year term of supervised release. *See* Pet. ¶¶ 1-3, 12. According to petitioner, the crimes merged, such that the imposition of two 20-year sentences to be served consecutively exceeds the penalty authorized by law. *See id.*

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has

failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Petitioner has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action.

    An Order accompanies this Memorandum Opinion.

DATE: 5/1/15

_____
United States District Judge